| | |
|---|---|
| CORBYN DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:23-CV-250-DCP |
| ) | |
| SHAWN CRABTREE, ) | |
| JOHNATHAN CORBIN, and ) | |
| BRIAN GOLDY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 32].

Plaintiff Corbyn Davis is a prisoner in the custody of the Tennessee Department of Correction ("TDOC") who was permitted to proceed in this civil rights action under 42 U.S.C. § 1983 on a claim that Officers Shawn Crabtree, Jonathan Corbin, and Brian Goldy (collectively, "Defendants") used excessive force against him on May 29, 2023, at the Morgan County Correctional Complex [*See* Doc. 4]. Before the Court is Defendants' motion for summary judgment based on Plaintiff's alleged failure to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), prior to filing suit [Doc. 41]. Plaintiff failed to file a response to the motion, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1. Consistent with the Court's Local Rules, the Court finds he has waived opposition to the sought relief. *See* E.D. Tenn. L.R. 7.2. Upon consideration of the parties' pleadings, the evidence presented, and the applicable law, the Court finds Defendants' motion should be **GRANTED** and this action **DISMISSED**.

## I. LEGAL STANDARD

Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). To establish an entitlement to summary judgment, the moving party must demonstrate that the nonmoving party cannot establish an essential element of his case for which he bears the ultimate burden of proof at trial. *Celotex*, 477 U.S. at 322. Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate by setting forth specific facts showing there is a genuine issue for trial. *Id.* at 323. Thus, to successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010).

## II. SUMMARY JUDGMENT EVIDENCE

The TDOC developed a formal grievance procedure that is set forth in TDOC policy 501.01 and explained in the TDOC Inmate Grievance Procedures Handbook [Doc. 43-1 pp. 1 ¶ 4, 6–13]. Under the policy, a "grievance" is a written complaint about a policy, behavior, incident, or condition within the TDOC that personally affects the inmate [*Id.* at 2 ¶ 9, 7]. Grievance forms are available in each housing unit and are given to any inmate upon request [*Id.* at 2 ¶ 10, 7, 19]. Forms are collected daily from locked depositories on each unit [*Id.* at 2 ¶ 10, 19]. Inmates who are housed in segregation or are medically detained give their completed grievance forms to any staff member, and that staff member must deposit the grievance in the depository the same day [*Id.* at 2 ¶ 11, 19]. Inmates requiring assistance to prepare and file a grievance or appeal may request the assistance of an advocate [*Id.* at 2 ¶ 12, 20].

The TDOC's grievance review procedure is a three-step process [*Id.* at 3 ¶ 13, 8–9]. An inmate initiates the process by submitting a written grievance form within seven days of the complained-of incident [*Id.* at 3 ¶ 13, 8, 22]. All grievances filed by TDOC inmates are assigned a grievance number, and grievance records are maintained on the Tennessee Offender Management Information System's ("TOMIS") computerized database [*Id.* at 3 ¶¶ 14, 15]. After the grievance committee chairperson logs the grievance as received, he or she forwards it to the employee or department involved for a response, and that response is reviewed by the chairperson, who also provides a written response [*Id.* at 3 ¶ 13, 8, 22–23].

If the inmate accepts the first-level response, the matter is considered resolved [*Id.* at 3 ¶ 13, 8]. If the inmate does not agree, he may appeal the response to the grievance committee and warden [*Id.* at 3 ¶ 13, 8, 22–23]. The grievance committee will then issue a proposed response that is forwarded to the warden, who reviews the committee's response and provides a response of agreement or disagreement [*Id.*].

If the inmate agrees with the warden's decision, the matter is considered resolved [*Id.* at 3 ¶ 13]. But if the inmate disagrees, he may proceed to step three and appeal to the Assistant Commissioner of Prisons or his/her designee [*Id.* at 3 ¶ 13, 9, 23]. The Assistant Commissioner's response shall be returned to the grievance chairperson within twenty-five (25) working days from the date the appeal was received [*Id.*]. This response is final and no longer subject to additional appeals [*Id.*]. This concludes the third and final step of the TDOC's grievance procedure [*Id.* at 3 ¶ 13].

If a time limit expires at any stage of the grievance process without the required response from prison officials, the inmate may move the grievance to the next stage of the process, unless the inmate agrees to an extension of the applicable time period in writing [*Id.* at 3 ¶ 13, 9, 22, 23].

3

## III. LAW & ANALYSIS

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The requirements of exhaustion are not set out in the PLRA itself. Rather, to satisfy the exhaustion requirement, an inmate must properly complete the grievance procedures put forward by his correctional institution, including any procedural rules and deadlines. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also Jones v. Bock*, 549 U.S. 199, 218 (2007) ("It is the prison's requirements . . . that define the boundaries of proper exhaustion."). Moreover, exhaustion is mandatory, regardless of the type of relief sought, or whether such relief can be granted through the administrative process. *See Ross v. Blake*, 578 U.S. 632, 641 (2016). Therefore, "exhaustion is required even if the prisoner subjectively believes the remedy is not available; even when the state cannot grant the particular relief requested; and 'even where [the prisoners] believe the procedure to be ineffectual or futile[.]'" *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (internal citations and citations omitted).

Failure to exhaust is an affirmative defense for which a defendant bears the burden of proof. *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012). Accordingly, when defendants in a prisoner's civil rights action move for summary judgment on exhaustion grounds, they "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Id.* at 455–56 (citations and internal quotation marks omitted). Once a defendant has demonstrated that there was a generally available administrative remedy that the plaintiff did not exhaust, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made

4

the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (citation omitted); *see also Napier*, 636 F.3d at 225–26 (finding once defendants put forth evidence of a valid administrative process, plaintiff must present evidence to rebut the availability of that remedy to defeat motion for summary judgment).

Defendants assert that Plaintiff never filed a grievance about the alleged use of force on May 29, 2023, at the Morgan County Correctional Complex. [Doc. 43-1 pp. 3 ¶ 16, 33]. Conversely, Plaintiff alleges he filed a grievance regarding the use of force and never received a response [Doc. 2 p. 2[1]; Doc. 43-2 pp. 5, 6]. But assuming Plaintiff did file a grievance and failed to receive a response, he nonetheless was required by the TDOC grievance procedure to appeal his grievance through step three and obtain a final decision from the Assistant Commissioner of Prisons [Doc. 43-1 p. 3 ¶ 13]. And the TDOC grievance procedure permits inmates to proceed to the next stage of the process if prison officials fail to respond to the grievance within the required time limit [*Id.* at 9, 22, 23]. However, it is undisputed that Plaintiff failed to follow that procedure in this case [*See id.* at 3–4 ¶ 16, 33].

Therefore, because the competent summary judgment evidence demonstrates that Plaintiff did not complete the TDOC's grievance process, the Court finds that there is no genuine dispute that Plaintiff failed to exhaust his available administrative remedies under the PLRA. Defendants are entitled to summary judgment.

---

[1] Plaintiff's complaint, which is signed under penalty of perjury, "carries the same weight as would an affidavit for the purposes of summary judgment." *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008).

## IV. CONCLUSION

Defendants have met their burden of showing they would prevail at trial on the issue of exhaustion. Accordingly, Defendants' motion for summary judgment [**Doc. 41**] will be **GRANTED**, and this action will be **DISMISSED without prejudice**.

The Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and therefore, Plaintiff is **DENIED** leave to proceed *in forma pauperis* should he choose to appeal. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

ORDER ACCORDINGLY.

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge